IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


MARIA RAMIREZ,

        Plaintiff,

v.                                                                    Cause No.  14-CV-1006

SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,
and DAVID GEBHARDT,

        Defendants.


## NOTICE OF REMOVAL

Defendants Swift Transportation Co. of Arizona, LLC (incorrectly named in the caption of the Complaint for Personal Injury that Plaintiff filed in state court as "Swift Transportation Co., Inc." and hereinafter referred to as "Swift") and David Gebhardt (collectively, "Defendants") hereby remove this lawsuit to the United States District Court for the District of New Mexico and as grounds therefore states as follows:

## I.      BACKGROUND AND PROCEDURAL PREREQUISITES FOR REMOVAL

1.      Plaintiff Maria Ramirez commenced this action in the First Judicial District Court, County of Santa Fe, State of New Mexico, Civil Action No. D-101-CV-2014-02218, by the filing of Plaintiff's Complaint for Personal Injury ("Complaint") on October 6, 2014.  Copies of all pleadings filed in that action are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2.      This Notice of Removal is being filed in this Court within 30 days of the service of Plaintiff's Complaint on Defendants and within one year of commencement of this action. *See* 28 U.S.C. §§ 1446(b)(2)(B); (c).

1818881.1

3.      The state court in which this action was commenced is within this Court's district. Venue is therefore proper under 28 U.S.C. §§ 111 and 1441(a).

**II.      THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.**

4.   This action properly is removable to federal court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. There is complete diversity of citizenship between all properly joined parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**A.      The Parties to this Action are Citizens of Different States.**

5.      The Complaint alleges that Plaintiff Maria Ramirez is a citizen of the state of New Mexico. *See* Pl.'s Compl. ¶ 1, Ex. A.

6.      Defendant Swift is a Delaware Limited Liability Company. Decl. of Swift, attached hereto as Ex. B, ¶ 3. Its principal place of business is Arizona. *Id.* It is therefore a citizen of Delaware and Arizona. 28 U.S.C. § 1332(c)(1).

7.      Defendant David Gebhardt is a citizen of the state of Arizona. *See* Pl.'s Compl. ¶ 3, Ex. A.

8.   Pursuant to 28 U.S.C. §§ 1332 and 1441, there is complete diversity of citizenship between Plaintiff and Defendants.

**B.      The Amount in Controversy Exceeds $75,000**

9.      In order for a case to be removable pursuant to 28 U.S.C. § 1332(a), the amount in controversy must exceed "$75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The proponent of federal jurisdiction carries the burden of proving that the amount in controversy exceeds the jurisdictional minimum of $75,000. *McPhail v. Deere & Co.,* 529 F.3d 947, 955 (10th Cir. 2008). A permissible way to prove the "amount in controversy" is to rely upon a

plaintiff's "informal estimates or settlement demands."  *See Id.* at 954, 955 (citing *Meridian Security Ins. Co. v. Sadowski,* 441 F.3d 536, 541-42 (7th Cir. 2006) and indicating that a proponent of federal jurisdiction can satisfy the amount in controversy requirement if a plaintiff has made "an explicit demand for more than $75,000 . . .").

10.     In this case, Plaintiff has made a demand in excess of $75,000.  *See* Pl.'s Demand, relevant portions attached hereto as Ex. C, at 5.  The demand was made on September 11, 2014. *Id.*

11. Defendants deny Plaintiff's contentions and all liability, and specifically deny that Plaintiff is entitled to any damages whatsoever.  The amount in controversy therefore exceeds $75,000.

**C.     This Case is Removable**

12. The foregoing facts establish that this case is removable pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

**WHEREFORE**, in light of the foregoing, Defendants respectfully remove this action from state court into this Court for trial and determination. Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this notice, Defendants will give written notice of the filing thereof to Plaintiff and will file a copy of the notice with the Clerk of the First Judicial District Court in County of Santa Fe, New Mexico, from which this action was removed.

Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By _____

    Seth L. Sparks

    Stephen R. Marshall

P. O. Box 1888

Albuquerque, NM 87103

Telephone:  (505) 765-5900

FAX:  (505) 768-7395

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of November, 2014, I filed the foregoing electronically through the ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sean P. McAfee

THE LAW OFFICE OF BRIAN K. BRANCH

715 Marquette Ave., NW

Albuquerque, New Mexico 87102

(505)764-9710

smcafee@bkblaw.net

By _____

    Seth L. Sparks